IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                           3:05cr54/LAC
                                                    3:07cv6/LAC/MD

FELTON ROBINSON

## ORDER

One of the claims raised by the defendant in his pending motion to vacate pursuant to 28 U.S.C. § 2255 is that counsel was constitutionally ineffective because he failed to file an appeal.  The record reflects that the court specifically advised the defendant of his right to appeal, and recommended that any request for an appeal be made in writing.  (Doc. 40 at 11).  Defendant suggests that he made an oral request to counsel at or after sentencing and that he followed up with a letter of inquiry, although a letter received by counsel during this time frame does not mention an appeal.  Furthermore, counsel asserts in his affidavit that "at no time did Mr. Robinson ever request that I file an appeal."  (Doc. 36, att. 1).  Defendant states in his reply that counsel "misunderstood his request for an appeal after sentencing or that counsel did not hear his request."  (Doc. 38 at 1).  In order for the court to better assess whether relief or even an evidentiary hearing is warranted, defendant will be required to set forth, in as much detail as possible and under penalty of perjury, the conversation he had with counsel at or after sentencing concerning an appeal, including counsel's response.  Upon receipt of the sworn statement, the court will assess the need for an evidentiary hearing.  *Cf. Blackledge v. Allison*, 431 U.S. 63, 80-83, 97 S.Ct. 1621, 1632-1634, 52 L.Ed.2d 136 (1977).  Absent further order, the Government is not required to file a response.

Accordingly, it is ORDERED:

Within ten (10) days, defendant shall file a sworn statement with the court setting forth with particularity the details of his request for an appeal, including the time and place the request was made and the grounds, if any, he requested that counsel raise on appeal.

Failure to submit the affidavit will result in a ruling on the record currently before the court and may result in waiver of this claim.

DONE AND ORDERED this 10th day of May, 2007.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**